IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| TASHA TRETTENERO, | ) |
| Plaintiff, | ) |
| v. | ) |
|   | ) No. 16 C 05892 |
| KENDALL COUNTY, ET AL. | ) |
|   | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tasha Trettenero claims that Defendants Deputy Brian Harl and Deputy Robert Lechowicz violated her constitutional rights when arresting her on June 7, 2014. She brings claims against the Defendants under 42 U.S.C. § 1983 for Excessive Force (Count I), Failure to Intervene (Count II), and Conspiracy to Deprive Constitutional Rights (Count III). Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] Defendants argue Trettenero's claims are barred by collateral estoppel and the *Heck* doctrine. For the reasons stated below, the Motion is denied.

## BACKGROUND

The Court takes the following allegations from the Complaint and treats them as true for purposes of the motion. *See Vinson v. Vermillion County, Ill.*, 776 F.3d 924, 925 (7th Cir. 2015).

On June 7, 2014, at 9:00 p.m., Deputy Harl pulled Trettenero over in a traffic stop near Route 30 and Briarcliff Road in Montgomery, Illinois in an unmarked car. (Dkt. 13 at ¶ 2.) Trettenero, an unarmed 135 pound 24-year-old, was driving alone at the time of the stop on a vacant roadway. Trettenero was therefore reluctant, and ultimately refused, when Deputy Harl

---

[1] In addition to her Section 1983 claims, in Count IV Trettenero brings a claim for Respondent Superior against Kendall County, and in Count V she asks for indemnification. In response to Defendants' Motion to Dismiss, Trettenero voluntarily dismisses these claims.

1

asked her to step out of her vehicle without providing a reason. (*Id.* at ¶¶ 14, 17.) Deputy Harl then proceeded to grab Trettenero by her ponytail, pull her out of the car, and slam her face down onto the roadway. (*Id.* at ¶ 19.) When she was on the ground, he dug his knee into her back and ground her face into the road. (*Id.* at ¶ 20.) Meanwhile, Deputy Lechowicz arrived, and positioned his vehicle so that his dashcam was obstructed by Deputy Harl's vehicle. (*Id.* at ¶ 31.) Deputy Lechowicz joined Deputy Harl in physically assaulting Trettenero. (*Id.* at ¶¶ 21-22.) Trettenero further alleges that she never "hit, kicked, or injured either officer." (*Id.* at ¶ 26.)

Trettenero attached two photographs to her Complaint which show bruising to her eye and her thigh. (Dkt. 13 at 2.) Additionally, although Deputy Lechowicz's dashcam was obstructed by Deputy Harl's vehicle, there is an audio recording of the incident. Trettenero alleges that in the recording she asks why she is being attacked, and screams and weeps telling the officers that they are hurting her. (*Id.* at ¶ 32.) The recording also captures Deputy Lechowicz asking "do you like it" while assaulting her. (*Id.* at ¶ 34.)

The resulting information charged Trettenero with:

> …AGGRAVATED BATTERY … in that said defendant knowing Deputy Robert Lechowicz to be a peace officer … knowingly made physical contact of an insulting or provoking nature with Deputy Robert Lechowicz in that she kicked Deputy Robert Lechowicz multiple times in the lower abdomen and upper thigh area.

(Dkt 24-4 at 2.) On April 22, 2015, Trettenero was found guilty of battery to a police officer and resisting arrest after a bench trial in Kendall County, Illinois. (Dkt. 13 at ¶ 34.) The judge rendered a verdict of not guilty for the alleged traffic violations. (Dkt. 24-4 at 1.) Trettenero was sentenced to 90 days of incarceration, 36 months of probation, as well as other fines, counseling, and treatment. (Dkt. 13 at ¶ 34.) She appealed the conviction, and her appeal is pending. (*Id.* at ¶ 34.)

Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) arguing that Trettenero's state court conviction bars her civil claims pursuant to the doctrine of collateral estoppel and/or the *Heck* doctrine.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Doe v. Village of Arlington Heights,* 782 F.3d 911, 914 (7th Cir. 2015). To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide sufficient facts so as to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Court accepts all well-pled facts as true and views them in the light most favorable to the plaintiff. *Hatmaker v. Mem'l Med. Ctr.,* 619 F.3d 741, 743 (7th Cir. 2010).

## DISCUSSION

Neither the doctrines of collateral estoppel nor *Heck* warrant dismissal of Trettenero's Complaint. While Trettenero is estopped from relitigating issues determined in her criminal case, specifically whether she committed a battery against the Defendants, her Complaint states a claim that her constitutional rights were violated when Defendants used unreasonable force in arresting her, and those allegations do not upset her criminal conviction. The Court strikes, however, those portions of her Complaint that are in direct conflict with the criminal conviction.

### A. Collateral Estoppel

Illinois law governs whether Trettenero is precluded from pursuing a § 1983 claim. *See Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010). To invoke collateral estoppel under Illinois' preclusion rules, a defendant must demonstrate that:

3

(1) the issue decided in the prior adjudication is identical to the issue presented in the current case; (2) the prior adjudication resulted in a final judgment on the merits; and (3) the plaintiff was a party or is in privity with a party in the prior adjudication. *Illinois State Chamber of Commerce v. Pollution Control Bd.*, 78 Ill.2d 1, 7, 398 N.E.2d 9, 11 (1979). In determining whether Trettenero's claims are barred, it must "conclusively appear that the matter of fact was so in issue that it was necessarily determined." *Wells v. Coker,* 707 F.3d 756, 762 (7th Cir. 2013). The Court does not apply estoppel "if there is any uncertainty on the point." *Id.*

Defendants argue that because Trettenero was convicted of aggravated battery, the issue is identical in her civil lawsuit for excessive force. (Dkt. 25 at 4.) In the criminal case, however, the trial court only determined that Trettenero resisted arrest and committed aggravated battery when she kicked Deputy Harl during the arrest. In other words, the trial court focused on Trettenero's conduct, not the Defendants. Here, the issue is whether Defendants used unreasonable force during the course of the arrest. For example, while the issue of whether Trettenero resisted arrest was litigated in her criminal case, in her civil suit she concedes that she refused Deputy Harl's command for her to leave her vehicle, but brings a Complaint that he proceeded to pull her by the ponytail out of her vehicle. (Dkt. 13 at ¶ 4.) Trettenero's conduct in her criminal case is not identical to the issue of the Deputies' conduct in her civil suit. Defendants, therefore, do not meet the first element of collateral estoppel.

In support of their estoppel argument, Defendants also argue that the criminal conviction is *prima facie* evidence of the facts underlying Trettenero's conviction. Defendants cite to the *Thornton prima facie* evidence rule discussed in *Bay State Ins.Co. v. Wilson*, 96 Ill.2d 487, 451 N.E.2d 880, 882 (Ill. 1983) (citing *Thornton v. Paul*, 74 Ill.2d 132 (1978)) which they assert precludes Trettenero from litigating Defendants' conduct during the arrest. Many years ago,

4

*Thornton* stood for the proposition that criminal convictions were only *prima facie* evidence in a civil suit, and a plaintiff was still given the opportunity to rebut the factual evidence in the underlying conviction in the civil suit. *Id.* Yet, for at least fifteen years, this is no longer the law. After *Am. Family Mut. Ins. Co. v. Savickas*, 193 Ill. 2d 378, 384 (2000), a criminal conviction "now acts as a bar and collateral estops the retrial of issues in a later civil trial that were actually litigated in the criminal trial." *Id.* citing *Zinger v. Terrell*, 336 Ark. 423, 428 (1999) (collecting authorities and overruling its prior precedent to allow estoppel effect to be accorded to criminal convictions).

While Trettenero is not barred from bringing her suit under Illinois estoppel law, she is precluded from litigating whether she physically harmed the Defendants, a fact already determined in her criminal suit. In Trettenero's Complaint, there are two paragraphs containing allegations inconsistent with her criminal conviction: in paragraph 26 Trettenero alleges that she "never hit, kicked, or injured either officer" (Dkt. 13 at ¶ 26), and the statement within paragraph 24 that Trettenero "never presented any threat to either officer."[2] Tellingly, these paragraphs constitute the gravamen of Defendants' Reply brief. (Dkt. 31.) While Trettenero is estopped from relitigating whether she committed a battery upon the officers, she is not estopped from litigating whether Defendants' conduct violated her constitutional rights.

The Court strikes that portion of the Complaint, paragraph 26 and the statement in paragraph 24 that Trettenero "never presented any threat to either officer," because these allegations are inconsistent with Trettenero's criminal conviction. *See* Fed. R. Civ. P. 12(f)(1) (the court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter"); *see also Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654 (7th

---

[2] The remaining portion of paragraph 24, that Trettenero is "5 and a half feet tall and weighs 135 pounds" is not stricken. It is conceivable that this portion of the allegation may credit Trettenero's testimony that she was frightened and did not want to leave her car when pulled over.

Cir. 1992) (District court did not abuse its discretion in striking "scandalous" paragraphs devoid of any factual basis); *see also Fed. Nat. Mortg. Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990) ("Court may strike matter from pleading on its own initiative where doing so advances progress of litigation.") (internal citations omitted); *see also Moore v. Mahone*, 652 F.3d 722, 723-24 (7th Cir. 2011) (a judge may disregard those portions of a complaint in a civil suit that conflict with the underlying criminal conviction) (citing *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case.").) Absent the allegations that Trettenero did not kick Deputy Harl, she states a plausible claim for relief that is not barred by collateral estoppel. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## B. The *Heck* Doctrine

The *Heck* doctrine holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). But this is not to say that a plaintiff convicted of resisting arrest or assaulting a police officer during the course of an arrest may not subsequently maintain a § 1983 action for excessive force stemming from the same confrontation. *See McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2003) (A contrary conclusion would "imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages.") (internal citations omitted); *see also Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014) (plaintiff convicted of resisting arrest can proceed on a Section 1983 excessive force claim to the extent that the facts underlying the excessive force claim are not inconsistent with the essential facts supporting the conviction.).

6

Defendants argue that Trettenero cannot succeed in her Section 1983 claim without undermining her criminal conviction and thus she is barred by *Heck*. In support of their argument, Defendants rely on the Seventh Circuit's decision in *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). In that case, despite being convicted of selling drugs to an undercover officer, plaintiff Okoro maintained in his civil trial for unconstitutional search and seizure that he had not sold drugs. Okoro alleged that, rather than drugs, he had been trying to sell gems, and that the police officers stole these gems and framed Okoro. The Circuit noted that Okoro could have maintained the position that the defendants had taken both gems and drugs, casting no cloud over the conviction; or he could've argued that the police took the gems and said nothing of the drugs, and then he would not actually be challenging the guilty verdict. *Id.* at 490. Instead, Okoro refused to maintain an "agnostic position toward his conviction" and thus his claim could not succeed unless his conviction was invalid. *See Gilbert v. Cook*, 512 F.3d 899, 901–02 (7th Cir. 2008). By challenging the guilty verdict, Okoro was barred by *Heck*.

Trettenero contends this case is more analogous to *Evans v. Poskon*, 603 F.3d 362, 363-64 (7th Cir. 2010), rather than *Okoro*. In *Evans*, the plaintiff made three contentions in a civil suit brought against officers to 42 U.S.C. § 1983: "(1) that he did not resist being taken into custody; (2) that the police used excessive force to effect custody; and (3) that the police beat him severely even after reducing him to custody." *Evans*, 603 F.3d at 364. The Seventh Circuit concluded that the plaintiff's suit survived a *Heck* challenge because it did "not understand Evans to assert that he is advancing propositions (2) and (3) if and only if the district court accepts proposition (1)." *Id.* Trettenero similarly does not rest the weight of her Complaint on the allegations that she did not physically harm Defendants; she has a plausible claim based on allegations that are similar to Evans' propositions (2) and (3).

7

Trettenero admits that the allegation that she did not "hit[], kick[], or injure[] either officer," (Dkt. 13 at ¶ 26), necessarily implies the invalidity of her conviction, but suggests this could be cured at trial with a *Gilbert* instruction. (Dkt. 30 at 9) (citing *Gilbert* 512 F.3d at 902.) In *Gilbert*, portions of the plaintiff's testimony in his civil suit, if accepted, would have undermined his criminal conviction in the underlying lawsuit. The trial court cured this by instructing the jury that Gilbert struck the first blow against the officer defendants in his civil suit and that any statements to the contrary by Gilbert must be ignored. *Id.* While Trettenero's suggestion of a *Gilbert* instruction demonstrates that she does not rest her claims on the allegation that she did not harm the officers, the Court need not wait for the jury trial to address the issue. Trettenero may not relitigate the allegations in paragraph 26, or the statement that she did not pose a threat to the Defendants in paragraph 24, which were clearly subject in the criminal case. In addition to the reasons stated under Illinois' collateral estoppel doctrine, the Court strikes this paragraph as bared by the *Heck* doctrine.

Defendants maintain that *Moore v. Mahone* requires dismissal of the Complaint. *Moore*, 652 F.3d at 723-724. In that case, plaintiff Moore denied in his civil suit that he was violent against the defendant prison guards in an incident that resulted in disciplinary action against him. His allegations that he was not violent were in direct contradiction to the prison board's findings in the disciplinary action. But the *Moore* decision undermines Defendants' position that the case should be dismissed. The Seventh Circuit stated that the judge in *Moore* "could, perhaps should, have disregarded, as mere surplusage, the portions of the complaint in which the plaintiff denies the board's findings." *Id.* at 725. The judge could have retained the case on the authority of *Evans*, and "just have forbidden the plaintiff to embroider his claim with the rejection of the disciplinary board's findings." *Id.* The court could not, however, dismiss the complaint with

prejudice as it did, yet Defendants ask the Court to do just that based on *Moore*. *Id.* Defendants also discuss *Teague v. Armstead*, 82 F.Supp.3d 817, 824–25 (N.D. Ill. 2015), but in *Teague*, the court had the benefit of a record on summary judgment in making a determination as to whether the plaintiff's claims were barred by *Heck*. Only after reviewing the entire record did the court determine that the plaintiff could not remain "agnostic" about the state court findings: "Teague's theory, and the evidence Teague has offered supporting it, presents a 'clear sequence of events'… Teague's version of the events and Officer Armstead's version of the events (which was adopted by the trial court) are mutually exclusive." *Id.* at 826. It is not clear whether Trettenero's narrative at trial would inherently contradict the criminal conviction. It is clear that a dismissal on that basis would be premature.

The other cases that Defendants rely on are likewise unpersuasive. First, many of the cases are not precedential, and similar to *Teague*, the cases were at the summary judgment stage. *See Crooms v. Mercado*, 955 F.Supp. 985, 987 (N.D. Ill. 1997) (the district court granted summary judgment holding that no reasonable trier of fact could find that the officer used excessive force according to the plaintiff's version of the incident.); *see also Holder v. Ivanjack*, 93 F. Supp. 2d 933, 939 (N.D. Ill. 2000) (the district court granted summary judgment and relied on deposition testimony in determining that plaintiff could not succeed in the civil rights claim without invalidating the underlying arrest.) Finally, while *Case v. Milewski*, 327 F.3d 564 (7th Cir. 2003) is precedential, the plaintiff specifically relied on the theory that the defendants did not have probable cause to arrest him in his claim for false arrest. *Id.* at 568. A false arrest claim always implies the invalidity of a conviction. *Id.* at 567-9. In contrast, Trettenero's excessive force claim may coexist peacefully with her criminal conviction.

**C. Trettenero's Failure to Intervene and Conspiracy Claims**

Defendants focus their argument on the inconsistency between Trettenero's excessive force claim in Count I and her underlying criminal conviction. The only argument Defendants set forth with respect to the remaining two counts for failure to intervene and conspiracy are that those claims rest on the excessive force claim and "if there is no underlying excessive force claim, Plaintiff's entire claim must be dismissed." (Dkt. 25 at 8) (citing *Abdullahi v. City of Madison*, 423 F.3d 763, 767–68 (7th Cir. 2005).) Because Defendants do not otherwise address Counts II and III, the Court will not address the sufficiency of the pleading with respect to those counts.

## **CONCLUSION**

Because the Complaint sufficiently alleged the plausibility of a constitutional injury and for the reasons explained above, Defendants' motion to dismiss is denied. The Court strikes the statement that Trettenero "never presented any threat to either officer" in paragraph 24 and all of paragraph 26 in the Amended Complaint.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: January 17, 2017